**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Tyrome D Singleton,

           Plaintiff,

v.

DNC Parks & Resorts Tusayan Hotel Incorporated,

           Defendant.

No. CV-26-08119-PCT-MTL

**ORDER**

Before the Court is Plaintiff Tyrome Singleton's Amended Complaint (Doc. 12), Renewed Motion to Appoint Counsel (Doc. 14), Motion for Status Conference (Doc. 15), Renewed Motion for Temporary Restraining Order (Doc. 22), and Motion for Sanctions (Doc. 23). The Court will deny the Motions and dismiss the Amended Complaint without prejudice.

## I.

On May 27, 2026, the Court screened Plaintiff's original Complaint under 28 U.S.C. § 1915(e)(2), dismissed it for failure to state a claim, and granted Plaintiff leave to file an amended complaint by June 29, 2026 that cured the defects the Court identified. (Doc. 9.) The Court explained that the original Complaint's allegation—that Defendant, Plaintiff's employer and landlord, withheld a Notice of Right to Sue letter for 42 days—was not tied to any of the civil-rights statutes Plaintiff invoked, and that his remaining allegations were conclusory boxes checked on a form complaint. (*Id.* at 5.)

Plaintiff timely filed a First Amended Complaint. (Doc. 12.) The amended pleading

asserts four counts: (I) race discrimination and hostile work environment under Title VII; (II) retaliation under Title VII; (III) failure to accommodate and retaliation under the Americans with Disabilities Act; and (IV) race discrimination under 42 U.S.C. § 1981. (*Id.*) It alleges that on August 30, 2025, a coworker directed a racial slur at Plaintiff. Plaintiff reported the slur and received no corrective action, and Defendant thereafter imposed differential treatment, fabricated discipline, disciplined him for taking mental-health days, and continued to interfere with his mail. Plaintiff alleges that these actions escalated after he filed charges with the EEOC and the Arizona Civil Rights Division and gave notice of this suit. (*Id.*)

**II.**

Because Plaintiff proceeds *in forma pauperis*, the Court screens the Amended Complaint under 28 U.S.C. § 1915(e)(2) and must dismiss any claim that fails to state a claim upon which relief may be granted. *Id.* § 1915(e)(2)(B)(ii). A complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face"; "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation modified). The Court construes a pro se pleading liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), but leave to amend may be denied where amendment would be futile, *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989).

**III.**

The Court will dismiss newly raised claims unless they were asserted to cure the deficiencies identified in Plaintiff's original Complaint. When a court grants leave to amend, a plaintiff may not add new causes of action beyond the scope of that leave. *See Cuaglotti v. City of Mesa*, No. CV-24-02970-PHX-SHD, 2025 WL 1918541, at *3 (D. Ariz. July 11, 2025) ("Courts in this circuit generally hold that when a court grants leave to amend with specified limitations, a plaintiff does not have the freedom to make amendments beyond the scope of that leave." (citation omitted)). When this Court granted Plaintiff leave to amend, it did so only to the extent Plaintiff could "cure the defects

identified in th[e] Order." (Doc. 9 at 6.) That Order was not an invitation to add new claims; it permitted Plaintiff only to revise his existing allegations and correct the identified deficiencies.

The original Complaint pleaded a single factual theory—that Defendant withheld Plaintiff's Notice of Right to Sue letter for 42 days—and otherwise checked boxes on a form complaint. (Doc. 1 at 5.) The Amended Complaint instead advances new causes of action resting on factual theories absent from the original Complaint, including a hostile-work-environment claim premised on an August 30, 2025 racial slur, a Title VII retaliation claim built on a post-charge disciplinary timeline, and an ADA failure-to-accommodate claim. (Doc. 12.) These claims exceed the scope of the leave granted and are dismissed on that basis. The sole theory carried forward—the mail-concealment allegation—remains tied to no cause of action and is therefore uncured. (*See* Doc. 9 at 5-6.)

Even considered on their merits, the counts fail. Count I (Title VII race and hostile work environment) rests on a single coworker slur and a failure to investigate. A lone epithet is not the severe or pervasive conduct a hostile-environment claim requires, and the remaining "differential treatment" is not connected to Plaintiff's race. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 787-88 n.1 (1998); *see also Vasquez v. County of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2003). Count II (retaliation) fails on causation because the adverse actions Plaintiff identifies predate his alleged May 21, 2026, notice of suit and any pleaded date of Defendant's knowledge of his charges, and his "fabricated" and "pretextual" labels are conclusory. *See Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 272-73 (2001) (per curiam). Count III (ADA) recites the elements without alleging what accommodation Plaintiff requested, when, or how Defendant responded. Count IV (§ 1981) alleges no facts showing race was the but-for cause of any adverse action. *See Comcast Corp. v. Nat'l Ass'n of African American-Owned Media*, 589 U.S. 327, 333 (2020).

Accordingly, the Court will dismiss Plaintiff's Amended Complaint.

. . . .

- 3 -

**IV.**

Under Rule 15(a)(2), leave to amend should be freely given "when justice so requires." But leave is not required where amendment "would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay." *Ascon Props.*, 866 F.2d at 1160. A district court's discretion to deny leave is "particularly broad" where, as here, the plaintiff has already amended once. *See Zucco Partners, LLC v. Digital Island, Inc.*, 552 F.3d 981, 1007 (9th Cir. 2009).

The Court has now screened two pleadings, identified the defects in the first, and granted Plaintiff leave to cure them. Plaintiff did not cure those defects but instead filed a substantially new pleading that both exceeds the scope of the leave granted and fails on its own terms. The Court therefore finds that further amendment would be futile. *See Ascon Props.*, 866 F.2d at 1160. Plaintiff's Amended Complaint will be dismissed without prejudice.

**V.**

The pending motions will be denied. The Renewed Motion to Appoint Counsel (Doc. 14) presents no "exceptional circumstances." *See Adir International, LLC v. Starr Indemnity & Liability Co.*, 994 F.3d 1032, 1039 (9th Cir. 2021). Plaintiff has not shown a likelihood of success, and his detailed filings show he can articulate his claims. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

The Motion for Status Conference (Doc. 15) and Renewed Motion for a Temporary Restraining Order (Doc. 22) seek injunctive relief Plaintiff cannot obtain, because a movant must show a likelihood of success on the merits, which he cannot. *See Albritton v. Tiffany And Bosco, P.A.*, No. CV 12-924-TUC-HCE, 2013 WL 3153848, at *12 (D. Ariz. June 19, 2013), *aff'd sub nom. Albritton v. Tiffany & Bosco PA*, 713 F. App'x 670 (9th Cir. 2018) ("Because the Court finds that Plaintiff's Complaint fails to state a claim, Plaintiff has necessarily failed to demonstrate a likelihood of success on the merits.")

And the Motion for Sanctions (Doc. 23) is procedurally impossible. Defendant has not been served, has not appeared, and has filed nothing to strike, and no default lies against

an unserved party.

## VI.

Finally, Plaintiff is advised that the Local Rules mandate that "[t]he body of all documents shall be typed double-spaced and shall not exceed 28 lines per page; they shall not be single-spaced except for footnotes and indented quotations." LRCiv 7.1(b)(1). "All pleadings, motions and other original documents filed with the Clerk shall be . . . in a proportional font size no smaller than 13 point, including any footnotes." *Id.* The Court will summarily strike any future filings not in conformity with the Local Rules. *See Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007) ("Ordinary pro se litigant[s], like other litigants, must comply strictly" with "all applicable procedural rules.").

## VII.

Accordingly,

**IT IS ORDERED** that the Amended Complaint (Doc. 12) is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that the Renewed Motion to Appoint Counsel (Doc. 14), Motion for Status Conference (Doc. 15), Renewed Motion for Temporary Restraining Order (Doc. 22), and Motion for Sanctions (Doc. 23) are **DENIED**.

**IT IS FINALLY ORDERED** directing the Clerk of Court to enter judgment consistent with this Order and close this case.

Dated this 28th day of July, 2026.

Michael T. Liburdi
United States District Judge